### In re DELTA UNDERGROUND STORAGE, INC.

**Bankruptcy No. 9107422 HEG.**

United States Bankruptcy Court, S.D. Mississippi.

Sept. 4, 1992.

Robert Alan Byrd, Biloxi, Miss., for plaintiff.

William S. Boyd, III, Gulfport, Miss., for defendant.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

There came for consideration before the Court the Amended Objection to Claims of The Edge Companies and Delta Storage and Distribution Company filed by the Debtor, Delta Underground Storage, Inc., wherein the Debtor alleged that the claims were untimely filed. Having reviewed the pleadings, the court file, briefs submitted by counsel and other legal authorities, the Court determines that the claims were timely filed, and the Debtor's objection is hereby overruled to that extent. Remaining issues raised in the objection are not currently before the Court.

## I. FACTS

1. A petition for relief under Chapter 11 of Title 11 of the United States Code was filed by Delta Underground Storage, Inc., on February 19, 1991.

2. The first meeting of creditors required by § 341 of the Bankruptcy Code was scheduled by the United States Trustee for March 20, 1991, and notice was mailed to creditors.

3. The notice mailed to creditors contained the following language:

You must file a proof of claim, if your claim is scheduled as disputed, contingent or unliquidated, is unlisted or you do not agree with the amount. See 11 USC Sec 1111 & Bankruptcy rule 3003. Bar date is June 18, 1991.

4. The bar date set forth in the notice was fixed by the office of the Bankruptcy Clerk.

5. Claims totalling $747,489.09 were filed on behalf of The Edge Companies and Delta Storage and Distribution Company on July 2, 1991.

6. Subsequently, Delta Underground Storage, Inc. filed an objection to the claims arguing they were not timely filed.[1]

## II. CONCLUSIONS

Federal Rule of Bankruptcy Procedure 3003(c) provides the following with reference to the time for filing proofs of claim in cases filed under Chapter 11 of the Bankruptcy Code:

(3) **Time for Filing.** *The court* shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed ...

Fed.R.Bankr.Proc. 3003(c)(3). (emphasis added). Rule 9001 provides the definition of the term "court":

In addition, the following words and phrases used in these rules have the meanings indicated:

.    .    .    .    .

(3) "Clerk" means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court.

(4) "Court" or "judge" means the judicial officer before whom a case or proceeding is pending.

Fed.R.Bankr.Proc. 9001.

Under the wording of these rules it is clear that the time period in which claims are to be filed in Chapter 11 proceedings must be set by the bankruptcy judge. The bar date referenced in the notice of the first meeting of creditors in this case was set by the clerk's office, which apparently applied the 90 day deadline set forth in Federal Rule of Bankruptcy Procedure 3002(c). That rule requires that proofs of claim in Chapters 7, 12 and 13 must be filed within 90 days after the first date set for the meeting of creditors pursuant to § 341. The bar date noticed to creditors was without authority of this Court and is therefore

---

**1.** Other issues raised in the objection and discussed in the briefs submitted by counsel are

not currently before the Court.

invalid and ineffective. Therefore, no bar date has yet been established in this Chapter 11 proceeding. The Court determines that the claims filed by The Edge Companies and Delta Storage and Distribution Company have not been filed late since no deadline has been fixed by the Court pursuant to Rules 3003 and 9001.

■ Additionally, the Court further suggests that the time for filing claims in Chapter 11 cases should be established on motion of debtor's counsel and subsequent order of the Court, and then noticed by the Clerk pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(8). The Court in *Pioneer Investment Services Company,* 943 F.2d 673 (6th Cir.1991), *cert. granted,* — U.S. —, 112 S.Ct. 2963, 119 L.Ed.2d 585 (1992), discussed the impact of noticing the bar date in a notice for the first meeting of creditors:

> We also find it significant that the notice containing the bar date was incorporated in a document entitled "Notice for Meeting of Creditors." Such a designation would not have put those without extensive experience in bankruptcy on notice that the date appended to the end of this notice was intended to be the final date for filing proof of claims …
>
> While we do not suggest that the court was obligated to notify creditors in precisely this form, the comparison between this Form 16 notice and the notice actually given in this case suggests the dramatic ambiguity of the latter. This ambiguity is exacerbated by the fact that the notice was simply and inconspicuously labeled "Bar date" without reference to its significance as a deadline for the filing of proof of claims. Even persons experienced in bankruptcy might confuse such a label for other deadlines. For example, the term "bar date" is also used to describe the deadline for filing objections to a debtor's discharge under Rule 4007(c).
>
> The uncontroverted evidence below established that while Berlin was an experienced businessman, he had no experience or expertise in bankruptcy. Thus, even if he could be attributed with having

seen the "Notice for Meeting of Creditors" he should not necessarily have been attributed with understanding the significance of the date contained therein. This factor, when taken with Richards' representations regarding the filing deadline, and the peculiar and inconspicuous placement of the bar date in a notice regarding a creditor's meeting convince us that the bankruptcy court unjustifiably punished the plaintiffs for the sins and neglect of their lawyer.

943 F.2d at 678. This Court further notes that the more experienced bankruptcy counsel may be likely to miss a 90 day deadline for filing claims in Chapter 11 cases that is imbedded in a notice of first meeting of creditors since the Bankruptcy Rules indicate an intent to establish a deadline separately that is not the same shortened deadline applicable to Chapters 7, 12 and 13 proceedings.

Based on the foregoing, the Court concludes that the proofs of claim filed on behalf of The Edge Companies and Delta Storage and Distribution Company were timely filed and the debtor's objection is hereby overruled to the extent that it relates to the issue of timeliness. Issues raised by the parties relating to excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 9006 in filing late claims are rendered moot by this decision.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.